# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JONATHAN ESTES,

    Plaintiff,

                                      Case No. 10-10858

v.                                          Hon. Lawrence P. Zatkoff

ACCRETIVE HEALTH, INC.,

    Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 7, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Plaintiff's motion to remand to state court [dkt 4]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Plaintiff's motion is DENIED.

## II. BACKGROUND

Beginning on February 26, 2007, Plaintiff was employed by Defendant, a corporation that assists hospitals in the collection of delinquent accounts. Plaintiff was terminated from this position on December 14, 2009. Plaintiff maintains that he was terminated in response to his opposition to Defendant's alleged policy of not pursuing collection of Medicare and Medicaid accounts with the

same diligence as other accounts prior to submitting them as uncollectible. Plaintiff contends that such a policy is contrary to law, and he informed Defendant of his intent to report Defendant to the government if he were required to follow such a policy. Following several months of various alleged acts of retaliation in response to Plaintiff's statements, Plaintiff was terminated from his employment.

Plaintiff filed this lawsuit in the Wayne County Circuit Court alleging that Defendant violated the Michigan Whistle-Blowers' Protection Act ("MWBPA"), Mich. Comp. Laws § 15.361 *et seq.*, when it terminated his employment. Defendant removed the case to federal court based on diversity of citizenship. Plaintiff has now moved to remand the case, arguing that his damages do not meet the $75,000 amount-in-controversy requirement.

### III. LEGAL STANDARD

To avoid an order of remand where jurisdiction is based on the diversity of the parties, a removing defendant must prove that the plaintiff's damages will more likely than not exceed the jurisdictional minimum of $75,000. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001). To do so, the Court must consider the complaint at the time of removal. *See id*.

### IV. ANALYSIS

Plaintiff contends that his claims do not meet the $75,000 amount-in-controversy requirement for federal diversity jurisdiction. Because he accepted another, albeit lower-paying, position soon after his termination, Plaintiff maintains that his lost wages amount to only $10,616.44 at the time of removal. Plaintiff represents his other claims for damages are as follows: (1) $25,000

2

for emotional distress; (2) $5,000 in attorney's fees; and (3) reinstatement to his prior position.[1]

Defendant insists that Plaintiff overly limits his damages calculation by too-literally applying the rule requiring the Court to consider the damages as of removal. Defendant also suggests that the amount of emotional damages and the costs of reinstatement could each alone exceed $75,000.

## A. Reinstatement

In his prayer for relief, Plaintiff has requested reinstatement to his prior position with Defendant. Defendant avers that this request alone satisfies the jurisdictional requirement because it involves a position salaried at approximately $65,000 per year for unknown years.

At least one district court has considered the possibility of reinstatement to be too speculative to assign value when deciding whether to remand. *See Cordell v. Wal-Mart Stores, Inc.*, No. 3:05CV-154, 2006 WL 840412, at *3 (E.D. Tenn. Mar. 28, 2006). The *Cordell* court first questioned whether court-ordered reinstatement was feasible on a breach-of-contract claim. The MWBPA, however, specifically prescribes reinstatement as a remedy where the court finds such relief appropriate. *See* Mich. Comp. Laws § 15.364. In addition, the *Cordell* court found it speculative that the plaintiff would remain employed for six years following her reinstatement, which represented the length of time the plaintiff would have been required to work, based on her pre-termination salary, to accumulate wages sufficient to meet the jurisdictional amount. Here, Plaintiff earned wages of approximately $65,000 per year; therefore, the jurisdictional amount would require only slightly more than one year of wages—a time period much less speculative than the six

---

[1]Plaintiff did not submit a signed statement of damages with his motion as required by E.D. Mich. L.R. 81.1(d), although he provided a calculation of his lost wages in the motion. Plaintiff did submit such a signed statement with his reply brief after Defendant noted the omission in its response brief.

years needed in *Cordell*. Finally, in *Cordell*, reinstatement was an alternative form of relief, and the court could not aggregate the value of reinstatement with any other possible damages. Conversely, the MWBPA expressly permits a broad range of possible relief in any just combination, including reinstatement, damages, attorney's fees, and litigation costs. *See* Mich. Comp. Laws § 15.364.

Other courts have considered reinstatement as a proper measure of a plaintiff's damages. *See Fetters v. United Parcel Serv., Inc.*, No. 1:06-CV-0542, 2006 WL 2375493, at *2 (S.D. Ind. Aug. 16, 2006) ("In evaluating the amount in controversy requirement under 28 U.S.C. § 1332, the court may not ignore the request for reinstatement."); *Leslie v. BancTec Serv. Corp.*, 928 F. Supp. 341, 349 (S.D.N.Y. 1996) ("[I]f Plaintiff were reinstated, that would be worth the amount of years he would work at the Defendant, also resulting in thousands of dollars."). The Court finds these decisions persuasive, and it finds that the value of Plaintiff's potential reinstatement is properly considered in the amount-in-controversy calculation.

**B. Other Damages**

As stated previously, the Court may award a combination of damages in entering judgment for a MWBPA violation. Indeed, in addition to reinstatement, Plaintiff seeks back-pay damages, emotional damages, and attorney's fees, all of which are available under the MWBPA.

In *Taylor v. Alterra Healthcare Corp.*, No. 06-13057, 2006 WL 2360781 (E.D. Mich. Aug. 15, 2006), this court denied a motion to remand a claim brought under the MWBPA. While the court recognized that the plaintiff earned only $8.50 per hour, it reasoned that "[i]f the plaintiff were seeking only economic damages, perhaps this Court would not have jurisdiction. However, the plaintiff seeks more than just lost wages." *Id*. at *1.

Defendant also cites the *Taylor* decision for its discussion of two jury verdicts under the

MWBPA where the jury awarded the plaintiff damages in excess of $75,000, including one award of $773,000. *See id.* at *2. Although those cases each involved retaliation for reporting resident abuse at nursing homes, rather than the Medicaid and Medicare violations alleged here, the cases are instructive of the potential awards in MWBPA cases. *See, e.g.*, *Graham v. Champion Int'l Co.*, No. 2:97-CV-83, 1997 WL 33487768, at *3 (E.D. Tenn. May 16, 2007) (holding that a court reviewing a motion to remand should, *inter alia*, "look at awards in similar lawsuits between other parties").

Accepting Plaintiff's representations of his accrued damages, which include $10,616.44 in lost wages, $25,000 in emotional damages, and $5,000 in attorney's fees, Plaintiff's damages exceed $40,000. Therefore, if reinstated, he would need only to remain employed for slightly over six months at his prior salary, which is much less speculative than the six years required in *Cordell*. Moreover, based on *Taylor* and the cases cited therein, it is more likely than not that Plaintiff's non-equitable relief would itself exceed $75,000.

Considering (1) the broad remedies available under the MWBPA; and (2) Plaintiff's request for reinstatement to an approximately $65,000 per year position, the Court concludes that Defendant has adequately met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. Remand is therefore inappropriate.

## V. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Plaintiff's motion to remand [dkt 4] is DENIED.

IT IS SO ORDERED.

                                                  S/Lawrence P. Zatkoff
                                                  LAWRENCE P. ZATKOFF
                                                  UNITED STATES DISTRICT JUDGE

Dated: September 7, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 7, 2010.

                                                  S/Marie E. Verlinde
                                                  Case Manager
                                                  (810) 984-3290